IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR489 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LUIS ZULETA, | ) | |
| | ) | |
| Defendant. | ) | |

Luis Zuleta has submitted a "Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to Habeas Review § 2255" which I treat as a motion under 28 U.S.C. § 2255. (Filing 113.) Subjecting the motion to initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I will dismiss the motion with prejudice.

I.

Zuleta was found guilty of possession with intent to distribute 500 grams or more of methamphetamine. I sentenced him to 110 months of imprisonment. (Filing 94.) The Court of Appeals, in affirming Zuleta's conviction and sentence, summarized the factual background of this case as follows:

> Zuleta was driving his tractor/trailer unit on Interstate 80 in Nebraska on September 25, 2003. As directed by a highway sign, he pulled his truck into a weigh station. The state patrol officers on duty initially conducted a level 3 inspection, which involved a review of the records that a driver is expected to keep. Thereafter and with Zuleta's consent, the officers entered the trailer and the truck cab and inspected both. In one of the storage compartments under the lower bunk of the

sleeper compartment, officers found a suitcase containing a pair of pants, a shirt, and several packages of methamphetamine.

Zuleta was arrested and charged in federal court with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The case went to trial after Zuleta's unsuccessful motion to suppress. Zuleta called no witnesses during trial and did not take the stand on his own behalf. The jury found Zuleta guilty of possession with intent to distribute 500 or more grams of methamphetamine. (While evidence at trial showed that over nine kilograms of methamphetamine was found in Zuleta's truck cab, the district court held that Zuleta's conviction and sentence would be limited to the quantity alleged by the government in its first indictment, which was 500 grams or more.)

Shortly before sentencing, Zuleta admitted to his illegal conduct and met with the prosecutors to provide information that would allow him to qualify for a safety valve reduction. He stated that he had agreed to take a package from California to Des Moines, Iowa for $2,000. He had accepted the package and permitted a third party, Paisano, to place the package in the sleeping compartment of the truck, which he was driving for a third party. Zuleta delivered the package to Des Moines, Iowa, and was only paid $1,000. Zuleta returned to California and purchased his own truck. He was then contacted again, and asked to make a second delivery. Again, Paisano placed a suitcase inside of Zuleta's truck and promised Zuleta that he would pay him $2,000 for the trip in addition to the $1,000 still owed to him. It was on the second trip that Zuleta was arrested and charged with possession with intent to distribute 500 grams or more of methamphetamine. At sentencing, the district court granted Zuleta a safety valve reduction but denied his request to be considered as a minor participant. It then imposed a sentence of 110 months of imprisonment, a sentence in the middle of Zuleta's guidelines range of 97 to 121 months.

United States v. Zuleta, 427 F.3d 1082, 1084 (8th Cir. 2005).

II.

Zuleta asserts that counsel rendered ineffective assistance for three reasons: (1) failure to conduct adequate pre-trial investigation; (2) failure to adequately advise him to consider a proffered plea; and (3) advising him to admit responsibility and seek the § 5C1.2 "safety valve" reduction after conviction but before sentencing. I briefly review the applicable legal standard before considering these assertions.

In order to prevail on his claim that his counsel rendered ineffective assistance of counsel, Zuleta must show (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). An evidentiary hearing is unnecessary if the movant makes an insufficient preliminary showing on either or both prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

*Alleged Failure to Conduct Adequate Pretrial Investigation*

Zuleta asserts that counsel did little or no pretrial investigation, and that if counsel had conducted a thorough investigation, counsel would have recommended acceptance of a proffered guilty plea, and he would have taken that advice and pled guilty. Zuleta asserts that there were four "obvious records that counsel failed to uncover, which were visibly available, and which would have 'screamed' at the decision to proceed to trial." (Filing 113 at 11.) The four matters which Zuleta

asserts counsel should have been aware of before trial are: (1) his "inconsistent and suspicious answers during the level 3 inspection at the weighing station," (2) the fact that his "travel documents, including trucker logs, were inconsistent with the view that he was en route with a legitimate load," (3) the fact that the "driver copy of the shipping order had been altered with 'white out,' which further signaled to the inspecting officers that defendant wanted to conceal something," and (4) facts indicating "[t]here was no signatory for the defendant's load and there was [sic] no dates to show when load was picked up or when the load was to be delivered." (Filing 113 at 11-12.)

The record belies this argument. All of these facts were apparent long before the trial, at the time of the hearing on the motion to suppress. They were referenced in the Magistrate Judge's report and recommendation on the motion to suppress. (Filing 27 at 5-7, 11-12 .)

*Alleged Misadvice Regarding Guilty Plea*

Zuleta's next assertion of ineffective assistance is based on the fact that he was misadvised of the relative advantages of pleading guilty rather than proceeding to trial. He claims that the evidence against him was so overwhelming that it was objectively unreasonable for his lawyer to proceed to trial. Zuleta submits no evidence other than the conclusory allegation in his motion that he would have pled guilty had he been properly advised.

The record indicates that a plea was considered. On June 15, 2004, the case was removed from the trial docket based on anticipation that Zuleta would plead guilty and a change of plea hearing was set for July 20, 2004. (Filing 34.) Zuleta was transported to Nebraska so he could consult with counsel prior to the plea hearing and be present at his plea hearing. (Filing 36.) On the date of the plea hearing, no plea was taken and the case was set for trial before Judge Shanahan (the judge to whom

this case was initially assigned). (Filing 37.) On July 28, 2004, Zuleta's attorney filed a motion to continue trial, representing that plea negotiations were ongoing. (Filing 43.) Shortly thereafter, the case was reassigned to me. (Filing 45.) There are no further references to a plea in the docket sheet, and the case proceeded to trial on October 10, 2004.

"'To establish prejudice, [Zuleta] must show that but for his counsel's advice, he would have accepted the plea.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). A 2255 motion may be dismissed on initial review without an evidentiary hearing unless the movant presents "'some credible, non-conclusory evidence that he would have pled guilty had he been properly advised.'" Id. (quoting Engelen, 68 F.3d at 241). Zuleta has presented no such evidence. The unsupported assertion in his motion is insufficient.

Furthermore, it was not objectively unreasonable for Zuleta to proceed to trial, as he had a plausible defense that there was failure to prove knowing possession. At trial, I gave a willful blindness instruction. (Filing 70, Instr. No. 12.) This instruction was given because: (1) his counsel's opening statement, cross-examination and closing argument suggested that he was a mere drone unknowingly controlled by others and (2) there were facts that could have led to the conclusion that Zuleta did not know the drugs were in his truck cab--he had recently purchased the truck in which the drugs were found and the drugs were found in a suitcase located underrneath the sleeper bunk of the truck cab.

*Post-Sentencing Admission of Guilt*

After trial, but before sentencing, Zuleta disclosed to the government all information he had regarding the offense. (In his motion, Zuleta refers to this disclosure as "pleading guilty" after trial.) Zuleta asserts that it was objectively

unreasonable for his counsel to advise him to proffer this information, because his disclosure "affirmed the jury's inference of defendant's knowledge about the concealed contraband, contrary to the evidence presented at trial and on appeal by counsel." (Filing 113 at 16.)

Oversimplified, the "safety valve" gives a non-violent drug offender, who has no or very little criminal history, an opportunity to reduce his advisory Guidelines range by two points, and avoid a statutory minimum sentence, by truthfully telling the government what he knows. U.S.S.G. §§ 2D1.1(b)(7) & 5C1.2 (2004). At sentencing, I found that Zuleta was eligible for the safety valve. This finding reduced his total offense level from 32 to 30 points and lowered the guideline range from 121-151 months to 97-121 months. I sentenced Zuleta to 110 months, the middle of his guideline range. Zuleta's sentence was at least eleven months shorter than it would have been had he not sought and received the safety valve reduction. "A defense attorney does not render objectively unreasonable representation when he advises his client to act in a way that secures a reduced sentence." United States v. Gaskin, 364 F.3d 438, 470 (2d Cir. 2004) (counsel did not render ineffective assistance by seeking safety valve reduction after jury verdict and before sentencing). Indeed, it is likely that if Zuleta had not been advised to seek safety valve relief, he would now be arguing that counsel was ineffective because he failed to advise seeking that relief.

Seeking safety-valve relief after conviction but before sentencing is not unusual. See, e.g., United States v. Lakoskey, 462 F.3d 965, 980 (8th Cir. 2006) (district court did not abuse its discretion in refusing to continue defendant's sentencing hearing to allow him to seek safety-valve relief, where defendant had at least five months to give safety-valve proffer and expressly rejected invitation to do so). The decision to seek safety valve relief is a tactical decision, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal]

strategy.'" Strickland, 487 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955). Zuleta has not overcome this presumption.

Essentially, Zuleta asserts that his safety valve disclosure had the practical effect of preventing effective direct appeal of his conviction and the reasonableness of his sentence because it undercut his assertion on appeal that he did not knowingly possess the drugs. It did not. The Court of Appeals affirmed Zuleta's conviction for knowing possession of drugs based on facts before the jury, and did not rely on any of Zuleta's safety valve admissions. Zuleta has not established that he was prejudiced by counsel's advice to seek safety valve relief. Gaskin, 364 F.3d at 470 (rejecting as meritless § 2255 petitioner's assertion that safety valve proffer undermined ability to challenge sufficiency of evidence supporting conviction, because appellate court upheld sufficiency without reference to safety valve admissions).

For the foregoing reasons,

IT IS ORDERED that the defendant's § 2255 motion (filing 113) is denied with prejudice in all respects, and a separate judgment shall be entered accordingly.

December 18, 2006             BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge